■ TWEEDIE CONSTRUCTION COMPANY, INC., Respondent, v EUGENE STOESSER, Defendant, and CAROL STOESSER, Appellant.—Appeal from an

order of the Supreme Court at Special Term, entered September 28, 1977 in Delaware County, which denied a motion to vacate a restraining notice on the proceeds of a fire insurance policy. Carol Stoesser sought on June 23, 1977 to vacate a restraining notice filed April 11, 1975 by Tweedie Construction Company (Tweedie) with Travelers Indemnity to satisfy a judgment Tweedie had secured against Eugene Stoesser, her husband. Tweedie took no further steps to collect the judgment. Carol Stoesser was awarded proceeds of the fire insurance policy held by Travelers in a marital action. Such entitlement was made subject only to the interests of creditors holding valid and lawful liens against the property at the time of the fire loss. Tweedie held no such lien. Appellant's request for a vacatur of the restraining order pursuant to CPLR 5240 should have been granted. The restraining order served on Travelers was valid until the expiration of one year after the notice had been served, or until the judgment was satisfied or vacated, whichever occurred first (CPLR 5222, subd [b]). One year had elapsed since service of the notice and therefore the notice was no longer of legal effect. Special Term should have properly declared the notice to be invalid and ordered it vacated. CPLR 5240 is an omnibus section empowering the court to exercise broad powers over the use of enforcement procedures and is the proper vehicle for the relief sought by the interested party. Order reversed, on the law and the facts, with costs, and motion granted. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.