■ RUTH C. PACCHIANA, Respondent, v GUIDO PACCHIANA, Appellant. — In an action to, *inter alia,* rescind an antenuptial agreement, defendant appeals from so much of an order of the Supreme Court, Westchester County (Martin, J.), entered July 13, 1982, as denied his cross motion for summary judgment dismissing the complaint on the ground of the Statute of Limitations. Order reversed insofar as appealed from, without costs or disbursements, cross motion granted to the extent that so much of plaintiff's complaint as seeks rescission on the ground of duress is dismissed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith. On November 21, 1975, the night before their marriage, the plaintiff bride-to-be signed an antenuptial agreement at the request of the defendant in which both parties agreed to waive their statutory rights of election. In April, 1982, plaintiff commenced this action in which she sought, *inter alia,* to void the agreement. Plaintiff thereupon moved for the relief demanded in her complaint alleging that she had been coerced into signing the agreement and that she never acknowledged her signature in accordance with EPTL 5-1.1. After serving his answer, defendant responded with a cross motion for summary judgment dismissing her complaint as time barred. Special Term denied the motion and cross motion. Defendant has appealed from so much of the order of Special Term as denied his cross motion. We reverse that order insofar as appealed from. An antenuptial agreement is, of course, a contract (*Matter of Lemle,* 30 AD2d 785; 10 Williston, Contracts [3d ed], § 1289A). If a party's manifestation of assent to a contract is induced by duress or undue influence, the contract is voidable by that party (*Muller Constr. Co. v New York Tel. Co.,* 40 NY2d 955; Restatement, Contracts 2d, §§ 175, 177) and the right to rescind accrues upon the execution of the contract (*Van Dussen-Storto Motor Inn v Rochester Tel. Corp.,* 63 AD2d 244). We therefore reject plaintiff's contention that an antenuptial agreement is executory until the death of either spouse and that no cause of action to void it can accrue until then. While continuing duress or undue influence may toll a Statute of Limitations (*Kamenitsky v Corcoran,* 97 Misc 384, revd on other grounds 177 App Div 605; 54 CJS, Limitations of Actions, § 197; Ann., 121 ALR 1294), the instant suit is barred by the six-year Statute of Limitations relative to equity actions, since the asserted coercion ceased upon the execution of the agreement (see CPLR 213, subd 1; *Greene v Greene,* 56 NY2d 86). Moreover, even if the complaint can be construed as alleging fraud by the husband in misrepresenting his assets, it is clear that the plaintiff discovered or should have discovered the fraud within a short time after the marriage. Thus, even a claim of fraud would be untimely since the action was not commenced within six years after commission of the fraud or within two years after its discovery (CPLR 213, subd 8; 203, subd [f]). Nevertheless, if the antenuptial agreement was not "acknowledged or proved

in the manner required * * * for the recording of a conveyance of real property" (EPTL 5-1.1, subd [f], par [2]), it was void and of no effect at its inception (*Matter of Warren,* 16 AD2d 505, affd 12 NY2d 854), and the Statute of Limitations is not a defense to such a claim. Since the plaintiff's amended verified complaint alleges that the agreement was not acknowledged (even though the copy in the record contains an acknowledgment), a fact question exists relative to acknowledgment, and we remit the matter for a hearing on that issue (see CPLR 3212, subd [c]). Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.