■ EVELYN A. POMMER, Appellant, v TRUSTCO BANK, Formerly Known as SCHENECTADY TRUST COMPANY, et al., Respondents.—Harvey, J. Appeal from an order of the Supreme Court (Doran, J.), entered November 20, 1990 in Schenectady County, which, *inter alia,* granted defendants' motions for partial summary judgment dismissing the first and second causes of action of the complaint.

Plaintiff and decedent, Clifford Pommer, were married on June 25, 1983. Plaintiff was just under 74 years of age at the time of this marriage and she had been widowed twice previously. Decedent was also a widower and the couple both had grown children from their previous marriages. On July 8, 1983, plaintiff and decedent entered into a marital property agreement which provided, *inter alia,* that the couple would waive each other's EPTL 5-1.1 right to elect against each other's will upon the death of one. Both parties to the agreement initialed each page of the document and signed it before a notary public. Following the execution of the agreement, decedent placed it in his safe in the apartment he shared with plaintiff. Shortly after this agreement was executed, decedent executed an amendment to a trust which substituted plaintiff's name for that of his deceased wife as beneficiary of the income of that trust upon his death. On that same day, decedent executed a will in favor of his daughter and granddaughters, leaving certain items of personal property to plaintiff. Plaintiff also executed a will leaving her entire estate to her daughter.

Decedent died on May 4, 1989. When the agreement was

removed from the safe, plaintiff claims that she discovered for the first time that she had waived her right to elect against decedent's will. Thereafter, plaintiff commenced this action against the beneficiaries of decedent's will and Trustco Bank, which was the executor of decedent's estate and the trustee of the aforementioned trust. The complaint sought, among other things, to set aside the agreement on the ground that it was fraudulently induced. Following joinder of issue, the beneficiaries moved for summary judgment and the bank supported them in that motion. Plaintiff cross-moved for summary judgment. Supreme Court granted partial summary judgment to all defendants, determining that plaintiff's first two causes of action were time barred and, alternatively, lacked merit. Plaintiff's cross motion was denied and this appeal by plaintiff ensued.

We affirm. Supreme Court correctly found that plaintiff's fraud claims are time barred. Generally, a cause of action alleging that a plaintiff was fraudulently induced into executing an agreement accrues upon the execution of the agreement *(see, Pacchiana v Pacchiana,* 94 AD2d 721). Here, there is no serious dispute that plaintiff's action was not commenced within six years after the execution of the agreement *(see,* CPLR 213 [8]; *Pacchiana v Pacchiana, supra,* at 721). Plaintiff nevertheless asserts that the fraud was allegedly not discovered until decedent's death in May 1989. Therefore, she claims that she had two years from that date to bring suit (CPLR 203 [f]). We cannot accept this argument, however, because plaintiff has failed to give a convincing explanation why fraud or any alleged doubledealing could not have been discovered at the time she executed the agreement simply by reading the document which she initialed and signed. Significantly, plaintiff admits that soon after signing the agreement she executed a will leaving her entire estate to her daughter despite the claim that she had no idea that she and decedent had waived their right to share in each other's estates.

In any event, even if plaintiff's claims were not time barred, we would have to conclude that partial summary judgment would still be appropriately granted to defendants. Plaintiff's opposition papers raise no questions of fact to support her claims of fraud (CPLR 3212 [b]; *see, Panossian v Panossian,* 172 AD2d 811, 812; *Matter of Sunshine,* 51 AD2d 326, 327-328, *affd* 40 NY2d 875). For example, plaintiff claims that she had no idea what the marital property agreement she signed consisted of despite the fact that she is a college-educated woman who had entered into other contracts, executed a will

in her daughter's favor and was familiar with the administration of estates by virtue of the fact that she had survived two other husbands and had been the executrix of their estates. It is well settled that in the absence of fraud or other misconduct, parties are bound by their signatures (see, *Bull & Bear Group v Fuller,* 170 AD2d 275, 279, *appeal dismissed* 78 NY2d 1110). Additionally, plaintiff alleges that decedent misled her by promising to make adequate provision for her in the event he predeceased her and then not making good on that promise. Yet the undisputed proof in the record is that decedent did provide for plaintiff by leaving her approximately $30,000 per year as the beneficiary of the income from the trust. Because we find no issues supporting the fraud claims, partial summary judgment was appropriate.

Weiss, P. J., Yesawich Jr., Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with one bill of costs.