■ Lewis D. Yecies, Respondent, v Bruce M. Sullivan, Appellant, and Neva F. Thomas et al., Respondents. [633 NYS2d 797] —In an action, *inter alia,* for a judgment directing the sale of certain real property and declaring the rights of the parties to the proceeds of the sale, the defendant Bruce M. Sullivan appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated May 12, 1994, as granted the plaintiff's motion, *inter alia,* to direct the sale of the property free of all creditor's liens and denied that branch of his cross motion which was to dismiss the action.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent Fidelity National Title Insurance Company of New York, payable by the appellant.

During the period from 1984 to 1987, the appellant obtained confessions of judgment from the defendant Neva Thomas arising from her nonpayment of legal fees for his representation of her in a divorce action. The judgments were docketed against Thomas's interest in marital property that she owned with the plaintiff Lewis D. Yecies. Pursuant to a judgment of the Supreme Court, Suffolk County, dated November 24, 1992, rendered in the equitable distribution portion of the divorce action between Yecies and Thomas, the court ordered Yecies to repair and sell the property. Yecies located buyers, but the sale could not go to closing because of the appellant's liens. Yecies then commenced this action, *inter alia,* for a declaratory judgment and moved, among other things, to direct the sale of the house.

The Supreme Court, *inter alia,* ordered the sale to proceed, the liens to attach to the net proceeds of the sale (the profit minus payment of the first mortgage and closing costs), and the payment into court of the net proceeds for future disposition after a determination of the priority and propriety of the parties' interests in the property.

We agree with the Supreme Court that the declaratory judgment action is not barred by the Statute of Limitations. A declaratory judgment action has a six-year Statute of Limitations unless the nature of the underlying action reveals that the dispute is to be resolved in a specific action or proceeding for which there is a prescribed limitations period *(see, Solnick v Whalen,* 49 NY2d 224). Since no other action or proceeding is applicable in this case, the six-year statute began to run from the date of entry of the 1992 equitable distribution judgment, which determined the plaintiff's rights in the property *(see, Charney v North Jersey Trading Corp.,* 172 AD2d 390).

We find no merit to the appellant's contention that the ac-

tion should have been dismissed because all of the necessary parties were not before the court. The record is clear that complete relief could be accorded in the action with the parties that were before the court and that no party would have been inequitably affected by the absence of any other party (see, CPLR 1001 [a]; *Flanagan v Board of Educ.*, 56 AD2d 574).

The Supreme Court providently exercised its discretion under CPLR 5240 in directing the sale of the property free of all creditors' liens and in requiring that the liens attach to all of the net proceeds of the sale which were to be paid into court for future disposition upon a determination of the priority and propriety of the parties' interests in the property (see, e.g., *Tweedie Constr. Co. v Stoesser*, 65 AD2d 657).

The appellant's other contentions are without merit. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.