■ ANONYMOUS, Appellant-Respondent, v ANONYMOUS, Respondent-Appellant. [650 NYS2d 589] —In an action for a divorce and ancillary relief and to set aside certain property provisions of a prenuptial agreement, the plaintiff wife appeals from so much of an order of the Supreme Court, Westchester County (Burrows, J.), entered May 22, 1995, as granted that branch of the defendant husband's motion which was to dismiss so much of the plaintiff wife's first cause of action which was to rescind the provisions of the prenuptial agreement which allocated property on the ground that the claim was time-barred. The defendant husband cross-appeals from so much of the same order as dismissed, as academic, that branch of his motion which was for partial summary judgment dismissing so much

of the plaintiff wife's first cause of action which was to rescind the provisions of the prenuptial agreement which allocated property on the ground that there are no triable issues of fact in connection with the execution of the agreement.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the defendant is not aggrieved by the portion of the order cross-appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on March 21, 1979, after entering into a prenuptial agreement in connection with which each was represented by independent counsel. The instant action in which the wife seeks, *inter alia,* to set aside the agreement on the grounds of duress and overreaching was commenced in 1993.

The Supreme Court properly determined that so much of the plaintiff wife's first cause of action which was to rescind the provisions of the prenuptial agreement which allocated property is barred by the six-year Statute of Limitations (*see,* CPLR 213 [1]; *Scheuer v Scheuer,* 308 NY 447; *Dunning v Dunning,* 300 NY 341; *Pacchiana v Pacchiana,* 94 AD2d 721) and it properly dismissed, as academic, the remaining branches of the defendant husband's motion (*see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707; *Matter of Amnesty Am. v Jackson,* 202 AD2d 416). O'Brien, J. P., Ritter, Sullivan and Luciano, JJ., concur.