■ ABRAHAM ROSENBAUM, Appellant, v RACHEL ROSENBAUM, Respondent. [706 NYS2d 890] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated September 7, 1999, which denied his motion to dismiss the counterclaim of the defendant wife, in effect, to rescind the parties' post-nuptial agreement.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the counterclaim is dismissed.

The parties executed a post-nuptial agreement on October 9, 1985, which provided, *inter alia,* that they would maintain their separate property and waived certain statutory inheritance rights. When the plaintiff commenced this action for a divorce in 1998, the defendant asserted a counterclaim seeking to rescind the post-nuptial agreement on the ground that it had been "procured through fraud, deceit and overreaching".

The Supreme Court should have granted the plaintiff's motion to dismiss the counterclaim. A cause of action to rescind the provisions of a marital agreement which allocates property must be commenced within six years of the execution of the agreement (*see,* CPLR 213 [1]; *Djavaheri-Saatchi v Djavaheri-Saatchi,* 236 AD2d 583; *Anonymous v Anonymous,* 233 AD2d 350; *Pacchiana v Pacchiana,* 94 AD2d 721). Contrary to the

defendant's contention, the Statute of Limitations was not tolled during the marriage (*see, Scheuer v Scheuer,* 308 NY 447; *Dunning v Dunning,* 300 NY 341).

To the extent that the defendant's counterclaim is based on fraud, she failed to plead that claim with sufficient particularity (*see,* CPLR 3016 [b]). In any event, that claim is also untimely since it was not raised within six years after the alleged fraud was committed, or within two years of when it reasonably could have been discovered (*see,* CPLR 213 [8]; 203 [g]; *Garguilio v Garguilio,* 201 AD2d 617; *Pommer v Trustco Bank,* 183 AD2d 976; *Freiman v Freiman,* 178 Misc 2d 764). Bracken, J. P., O'Brien, Sullivan and Luciano, JJ., concur.