■ ELAINE RUBIN, Respondent, v EDWARD RUBIN, Appellant. [712 NYS2d 626] —In an action for a divorce and ancillary relief, the defendant husband appeals from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered March 18, 1999, as denied those branches of his motion which were to dismiss the third cause of action to recover for necessaries pur-

suant to CPLR 3211 (a) (1), and to dismiss the fourth, fifth, and sixth causes of action for reformation of the parties' prenuptial agreement pursuant to CPLR 3211 (a) (5) and 3016 (b).

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was to dismiss the fourth, fifth, and sixth causes of action pursuant to CPLR 3211 (a) (5) and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof denying that branch of the motion which was to dismiss the third cause of action pursuant to CPLR 3211 (a) (1) and substituting therefor a provision granting that branch of the motion to the extent of dismissing so much of the third cause of action as seeks to recover for necessaries incurred on behalf of the plaintiff subsequent to the commencement of this matrimonial action, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, the fourth, fifth, and sixth causes of action in the complaint are dismissed, and the third cause of action is dismissed to the extent indicated above.

The Supreme Court erred in finding that the plaintiff's fourth, fifth, and sixth causes of action were timely commenced. A prenuptial agreement is a contract (*see, Pacchiana v Pacchiana,* 94 AD2d 721; *Matter of Lemle,* 30 AD2d 785). An action to rescind a contract is governed by a six-year Statute of Limitations (*see,* CPLR 213 [1]). Actions based upon mistake or fraud also have a six-year limitation from the time the mistake or fraud is committed (*see,* CPLR 213 [6], [8]). In the absence of continuing duress or undue influence, an action for the rescission of a prenuptial contract accrues and the Statute of Limitations begins to run once the agreement is executed (*see, Anonymous v Anonymous,* 233 AD2d 350; *Pacchiana v Pacchiana,* 94 AD2d 721, *supra; Pommer v Trustco Bank,* 183 AD2d 976). The prenuptial agreement at issue was entered into at the plaintiff's request and was signed on February 22, 1990. Accordingly, the fourth, fifth, and sixth causes of action, which were first asserted in July 1998, were untimely (*see,* CPLR 213 [6], [8]; *see, Anonymous v Anonymous,* 233 AD2d 350, *supra; Pommer v Trustco Bank,* 183 AD2d 976, *supra; Pacchiana v Pacchiana,* 94 AD2d 721, *supra*).

To the extent that the plaintiff's third cause of action seeks to recover for necessaries incurred prior to the commencement of this matrimonial action and for child support, it is not barred (*see, Rubin v Rubin,* 262 AD2d 390). Bracken, J. P., O'Brien, Thompson and Florio, JJ., concur.