■ In the Matter of the Estate of PATRICIA S. BLAKE, Deceased. ALLEN R. BLAKE, Respondent; JOHN J. BURNS, as Administrator of the Estate of PATRICIA S. BLAKE, Deceased, Appellant. [723 NYS2d 563] —Crew III, J. Appeal from an order of the Surrogate's Court of Warren County (Austin, S.), entered January 18, 2000, which determined that petitioner was entitled to take an elective share against the estate of his deceased wife.

Petitioner and Patricia S. Blake (hereinafter decedent) were married in June 1971. In April 1972, they executed a mutual waiver of the right of election, each according to the other "the absolute and unrestricted privilege and power to dispose of any and all property on death," thereby waiving, insofar as is relevant to this appeal, any right of election under EPTL 5-1.1. Although petitioner moved out of the marital residence in August 1984 and decedent commenced an action for divorce shortly thereafter, it appears that they were still married at the time of decedent's death in October 1987.

Although decedent executed a number of wills during the course of her marriage to petitioner, two of which bequeathed certain real property to him, the will in effect at the time of her death made no provisions for petitioner. Following the will's admission to probate in August 1997, petitioner filed a notice of his intent to elect against decedent's estate pursuant to EPTL 5-1.1. Thereafter, in July 1998, petitioner commenced the instant proceeding to determine the validity and effect of his election alleging, *inter alia*, that decedent failed to disclose the full and true extent of her estate prior to execution of the waiver. Respondent answered and asserted, *inter alia*, that petitioner's challenge was barred by the applicable Statute of

Limitations. Surrogate's Court summarily dismissed the Statute of Limitations defense and, on the merits, found that petitioner could properly elect against decedent's estate. This appeal by respondent ensued.

There must be a reversal. Although Surrogate's Court dismissed the Statute of Limitations defense, such defense is, in our view, dispositive of the appeal. As a general rule, "a cause of action alleging that a plaintiff was fraudulently induced into executing an agreement accrues upon the execution of the agreement" (*Pommer v Trustco Bank*, 183 AD2d 976, 977, *lv dismissed and denied* 81 NY2d 758). This rule pertains regardless of whether the document in question is viewed as a waiver (*see, Matter of Schuellain*, 269 AD2d 864, 865) or a postnuptial agreement (*see, Rosenbaum v Rosenbaum*, 271 AD2d 427). The action must be commenced within six years of the date upon which the agreement was executed and, hence, the fraud was committed, or within two years of the date when such fraud reasonably could have been discovered (*see,* CPLR 213 [8]; 203 [g]; *Rosenbaum v Rosenbaum, supra*, at 428).

Here, petitioner's cause of action accrued when the subject waiver was executed in April 1972. Petitioner then waited 26 years after the execution of the agreement and more than 10 years after decedent's death to commence the instant proceeding. Petitioner has not offered and the record fails to disclose any reasonable explanation why the fraud allegedly perpetrated upon him was not discoverable at the time that he executed the waiver or could not have been uncovered within the statutory period. Accordingly, this proceeding is time barred and Surrogate's Court erred in failing to dismiss it as such (*see, Matter of Schuellain, supra*, at 865). In light of this conclusion, we need not address the remaining arguments raised by respondent on appeal.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, and petition dismissed.