■ In the Matter of the Estate of HENRY K. NEIDICH, Deceased. DANIEL M. NEIDICH et al., as Executors of HENRY K. NEIDICH, Deceased, Respondents; FLORENCE NEIDICH, Appellant. [736 NYS2d 694] —In a proceeding pursuant to SCPA 1421 to determine the validity of a notice of election, the objectant, Florence Neidich, appeals from an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated November 22, 2000, which denied her motion for summary judgment seeking validation of her right of election, and granted the petitioners' cross motion for summary judgment to invalidate her notice of election.

Ordered that the order is affirmed, without costs or disbursements.

The objectant sought to validate her right of election regarding the decedent's estate, asserting that her alleged waiver of her right of election in an antenuptial agreement was void by reason of fraud, undue influence, and overreaching. The law is settled that antenuptial agreements are contracts (*see, Rubin v Rubin,* 275 AD2d 404; *Pacchiana v Pacchiana,* 94 AD2d 721; *Matter of Lemle,* 30 AD2d 785). Actions for rescission are governed by a six-year statute of limitations (*see,* CPLR 213 [1]). Actions based upon fraud also have a six-year statute of limitations, running from the time the fraud is committed, or a two-year statute of limitations, running from the time the fraud reasonably could have been discovered (*see,* CPLR 213 [8]). In the absence of continuing duress or undue influence, an action to rescind an antenuptial agreement accrues and the statute of limitations begins to run once the agreement is executed (*see, Rubin v Rubin, supra; Pacchiana v Pacchiana, supra*). The Surrogate properly held that the objectant's claim was untimely, since it was not raised within six years after the alleged fraud was committed, or within two years of when it reasonably could have been discovered (*see,* CPLR 213 [8]; 203 [g]; *Rosenbaum v Rosenbaum,* 271 AD2d 427; *Pommer v Trustco Bank,* 183 AD2d 976). Significantly, the objectant failed to explain her failure to discover the alleged fraud at the time she executed the antenuptial agreement by reading the document which she signed (*see, Pommer v Trustco Bank, supra*). Furthermore, the statute of limitations is not tolled during a marriage (*see, Scheuer v Scheuer,* 308 NY 447; *Dunning v Dunning,* 300 NY 341; *Rosenbaum v Rosenbaum, supra*). Thus, the Surrogate correctly granted summary judgment to the petitioners on the ground that the objectant's claims were barred by the applicable six-year statute of limitations.

The objectant's remaining contentions are without merit. Altman, J.P., Feuerstein, O'Brien and H. Miller, JJ., concur.