■ RICHARD ROSENBLATT, Appellant, v SUSAN ACKOFF-ORTEGA et al., Respondents. [752 NYS2d 621] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered February 29, 2000, which denied plaintiff's motion to dismiss defendants' counterclaims sounding in unconscionability and failure of consideration, unanimously affirmed, with costs.

The action involves conflicting claims to certain renewal copyrights in a group of songs cowritten by plaintiff and one Robert Ackoff, also known as Bo Gentry, who died intestate in 1983 and who assigned his share of the initial copyrights, due to expire in 1996, 1997 and 1998, to a nonparty. The complaint, served in 1998, claims entitlement to these renewal copyrights by virtue of a 1989 assignment by Gentry's mother, and that a 1996 assignment of the same renewal copyrights by Gentry's mother to her daughter is invalid. Defendants, Gentry's mother, sister and brother, the latter being party to the 1989 assignment, challenge the 1989 assignment as void in counter-

claims alleging that Gentry's mother and brother were not represented by counsel when they signed the 1989 assignment and lacked the capacity to understand it, that they agreed to the 1989 assignment upon plaintiff's promise to recover the renewal copyrights from the nonparty and to equally divide all royalties with Gentry's brother, that plaintiff never acted on his promise to recover the renewal copyrights from the nonparty, and that such promise was devoid of value since Gentry's mother, as his next of kin, was entitled to the renewal copyrights, as a matter of law, upon expiration of the copyrights' initial terms. These allegations, liberally construed and given every favorable inference, suffice to show unconscionability and failure of consideration rendering the 1989 assignment unenforceable (*see Matter of Friedman*, 64 AD2d 70, 84-85), are not time-barred since asserted defensively (CPLR 203 [d]; *Bloomfield v Bloomfield*, 97 NY2d 188, 192-193), and may be asserted by Gentry's sister since, although she is not party to the 1989 assignment, a determination as to the validity of that assignment will necessarily affect her rights under the 1996 assignment. In any event, since plaintiff initiated the action against her, he will not now be heard to attack her standing. Concur—Mazzarelli, J.P., Saxe, Sullivan, Rosenberger and Lerner, JJ.