■ VIRGINIA M. DeMILLE, Respondent, v NELSON R. DeMILLE, Appellant. [774 NYS2d 156]—

In an action, inter alia, for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Falanga, J.), dated October 24, 2002, as granted the plaintiff's motion for summary judgment on the third and fourth causes of action to vacate and set aside the parties' prenuptial agreement and denied the defendant's cross motion for summary judgment dismissing the third and fourth causes of action as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, the cross motion is granted, and the third and fourth causes of action are dismissed as time-barred.

The parties entered into a prenuptial agreement on September 17, 1988. In August 2002 the plaintiff filed for divorce. In her verified complaint, the plaintiff sought, inter alia, to vacate the parties' prenuptial agreement on grounds that the agreement was procured through misrepresentation, duress, and coercion, and that it should be set aside as unconscionable. The plaintiff thereafter moved for summary judgment on her third and fourth causes of action, which were to set aside and vacate the prenuptial agreement. The defendant cross-moved for summary judgment dismissing the third and fourth causes of action as time-barred pursuant to CPLR 213 (2) and (8). The court granted the plaintiff's motion, finding, in pertinent part, that the

plaintiff's attack on the parties' prenuptial agreement was not time-barred. We reverse.

Prenuptial agreements are contracts (*see Rubin v Rubin,* 275 AD2d 404 [2000]; *Pacchiana v Pacchiana,* 94 AD2d 721 [1983]), and actions for rescission are governed by a six-year statute of limitations (*see* CPLR 213 [1]). In the absence of continuing duress or undue influence, an action to rescind a prenuptial agreement accrues and the statute of limitations begins to run once the agreement is executed (*see Matter of Neidich,* 290 AD2d 557 [2002]; *Rubin v Rubin, supra; Pacchiana v Pacchiana, supra*).

Here, the Supreme Court improperly relied upon CPLR 203 (d) to support its holding that the applicable six-year statute of limitations had not run on the third and fourth causes of action, which were to vacate and set aside the parties' prenuptial agreement (*see* CPLR 203 [d]; *Rothschild v Industrial Test Equip. Co.,* 203 AD2d 271 [1994]). CPLR 203 (d) permits a defendant to attack the validity of a prenuptial agreement, but only as a defense raised, for example, in a counterclaim that is asserted in an answer (*see* Alexander, Practice Commentaries, McKinney's Cons Laws of NY Book 7B, C203:9). The provisions of CPLR 203 (d) allow a defendant to assert an otherwise untimely claim which arose out of the same transactions alleged in the complaint, but only as a shield for recoupment purposes, and does not permit the defendant to obtain affirmative relief (*see Bloomfield v Bloomfield,* 97 NY2d 188 [2001]; *Rosenblatt v Ackoff-Ortega,* 300 AD2d 137 [2002]; *Rothschild v Industrial Test Equip. Co., supra; see also Sawyer v Wight,* 196 F Supp 2d 220 [2002]). In the instant case, the plaintiff could not have benefitted from CPLR 203 (d) since she is a plaintiff seeking to affirmatively attack and set aside the parties' prenuptial agreement. At the time this action was commenced, the claims asserted in the plaintiff's third and fourth causes of action were time-barred pursuant to CPLR 213 (2). Moreover, as this Court has held previously there is no legal support for a tolling of the six-year statute of limitations under CPLR 213 for prenuptial agreements during the life of a marriage (*see Matter of Neidich, supra; Rubin v Rubin, supra*). Furthermore, no court has the authority to create such an exception to the statute of limitations (*see Scheuer v Scheuer,* 308 NY 447 [1955]; *Dunning v Dunning,* 300 NY 341 [1950]; *Arnold v Mayal Realty Co.,* 299 NY 57 [1949]; *Mack v Mendels,* 249 NY 356, 359 [1928]).

In light of the foregoing, the defendant's remaining contentions are academic. Santucci, J.P., Florio, Schmidt and Townes, JJ., concur.