■ COLLEEN M. PENROSE, Appellant-Respondent, v ORVAL W. PENROSE, Respondent-Appellant. [793 NYS2d 579]—

Carpinello, J. Cross appeals from an order of the Supreme Court (Breen, J.), entered January 29, 2004 in Warren County, which, inter alia, partially denied plaintiff's motion to enforce certain provisions of a judgment of divorce.

The parties to this action were married in 1958. In 1985, a separation agreement between them was incorporated but not merged into a judgment of divorce. Thereafter, by an "Agreement and Waiver" dated August 2, 1993, plaintiff waived all of her rights under the divorce decree in exchange for specific bequests as then set forth in a will executed by defendant that same day. Defendant agreed not to modify this will without plaintiff's written consent. In 1996, defendant executed a new will which included bequests of $100,000 and a quarter of his residuary estate to plaintiff. She consented to the execution of this new will in writing.

In the meantime, since their divorce, defendant has continually provided financial support to plaintiff for food, clothing and healthcare, as well as payment of her household and car expenses. In addition, he has made regular, biweekly $500 cash advances to her. In 2003, plaintiff commenced the instant application by order to show cause for enforcement of certain terms of the divorce decree. She partially prevailed before Supreme Court, which "decline[d] to address" a statute of limitations argument advanced by defendant. Both parties appeal.[1]

---

1. During the pendency of this appeal, the issue of maintenance was settled in that defendant agreed to pay plaintiff lifetime maintenance in the amount of $3,700 per month. Thus, as readily acknowledged by defendant in his brief, the only issue now before us concerns the enforcement of certain nonmaintenance provisions of the separation agreement.

Pursuant to the 1993 agreement, plaintiff waived all rights set forth in the judgment of divorce. Her present challenges to the validity of this waiver are time-barred (*see Matter of Blake*, 282 AD2d 905, 906 [2001]). Even if these particular challenges were not time-barred, her attempt to enforce the provisions of the 1985 separation agreement is itself time-barred (*see Tauber v Lebow*, 65 NY2d 596, 598 [1985]).[2] Moreover, since the parties were no longer married at the time of its execution (*see* Domestic Relations Law § 236 [B] [3]), we reject plaintiff's contention that the 1993 agreement should have had a notarized acknowledgment in order to be valid (*see Hargett v Hargett*, 256 AD2d 50 [1998], *lv dismissed* 93 NY2d 919 [1999]). We also find no merit to her conclusory allegations that this agreement was procured by overreaching or is inherently unconscionable.

Plaintiff's remaining arguments have been considered and rejected as without merit.

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiff's motion; motion denied in its entirety; and, as so modified, affirmed.

---

**2.** To the extent that CPLR 211 (e) now provides for a longer limitations period, it explicitly applies only to orders entered after its effective date of August 7, 1987.