ROSEANN RICCA, Plaintiff, v JOSEPH VALENTI, Respondent, and SANDRA VALENTI, Appellant. [807 NYS2d 123]—

In an action for partition and sale of certain real property, the defendant Sandra Valenti appeals, as limited by her brief, from so much an order of the Supreme Court, Dutchess County (Dillon, J.), dated October 12, 2004, as denied her motion for leave to amend her answer to add cross claims against the defendant Joseph Valenti for a judgment declaring, inter alia, the rights of

the parties in property subject to equitable distribution, and to recover damages for tortious interference with contractual rights and fraud.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3025 (b) provides that leave to amend pleadings "shall be freely given upon such terms as may be just." Thus, motions for leave to amend are liberally granted absent prejudice or surprise (*see McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755 [1983]; *Fahey v County of Ontario*, 44 NY2d 934 [1978]). A court hearing a motion for leave to amend will not examine the merits of the proposed amendment "unless the insufficiency or lack of merit is clear and free from doubt . . . In cases where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave should be denied" (*Norman v Ferrara*, 107 AD2d 739, 740 [1985]; *see Nissenbaum v Ferazzoli*, 171 AD2d 654 [1991]; *DeGuire v DeGuire*, 125 AD2d 360 [1986]).

Here, the proposed claims of the appellant were, in fact, palpably insufficient. A claim seeking to recover damages for interference with pre-contractual relations lies where "a contract would have been entered into *but for* the actions of the defendant if the defendant's sole purpose is to damage the plaintiff or if the means employed to induce termination of the relationship are dishonest, unfair or otherwise improper" (*Bankers Trust Co. v Bernstein*, 169 AD2d 400, 401 [1991] [internal quotation marks omitted]). The appellant failed to meet this standard (*see Williamson, Picket, Gross v 400 Park Ave. Co.*, 47 NY2d 769 [1979]).

Furthermore, that branch of the appellant's motion which was for leave to amend her answer to add a cross claim to recover damages for fraud was properly denied. The appellant had six years from the date the cause of action to recover damages for fraud accrued or two years from when she could reasonably have discovered it (*see* CPLR 203 [g]; 213 [8]; *Rosenbaum v Rosenbaum*, 271 AD2d 427 [2000]; *Prestandrea v Stein*, 262 AD2d 621 [1999]; *Garguilio v Garguilio*, 201 AD2d 617 [1994]). Here, the appellant could easily have discovered, upon even a cursory investigation, that the mortgage had not been transferred into the respondent's name. Thus, the proposed cross claim to recover damages for fraud was time-barred.

An action seeking a judgment declaring rights in property subject to equitable distribution is subject to a six-year statute of limitations. Furthermore, "the six-year statute [begins] to run from the date of entry of the . . . equitable distribution

judgment, which determined the plaintiff's rights in the property" (*Yecies v Sullivan,* 221 AD2d 433 [1995]). In this case, the equitable distribution judgment was entered in 1988, and the statute of limitations began to run at that time. Therefore, the proposed cross claim for a declaratory judgment was also time-barred. Moreover, the claim was barred by laches (*see Krieger v Krieger,* 25 NY2d 364 [1969]).

The appellant's remaining contentions are either without merit or improperly raised for the first time on appeal. Adams, J.P., S. Miller, Ritter and Rivera, JJ., concur.