■ MONIR HOSSEINIYAR, Respondent, v ALI ALIMEHRI, Appellant. [852 NYS2d 338]—

In an action for divorce and ancillary relief, the defendant appeals from (1) so much of an order and judgment (one paper) of the Supreme Court, Queens County (Fitzmaurice, J.), entered September 5, 2006, as granted that branch of the plaintiff's motion which was for pendente lite maintenance and child support to the extent of awarding the plaintiff pendente lite maintenance and child support in the sum of $3,500 per month retroactive to February 2, 2006, and additional maintenance in the sum of $3,500 per month retroactive to February 2, 2006, and (2) so much of an order of the same court entered February 21, 2007, as, after a hearing, (a) granted that branch of the plaintiff's motion which was to set aside the parties' post-nuptial agreement and, (b) upon reargument, in effect, vacated so much of the order and judgment dated September 5, 2006, as granted that branch of the plaintiff's motion which was for pendente lite maintenance and child support to the extent of awarding the plaintiff pendente lite maintenance and child support in the sum of $3,500 per month retroactive to February 2, 2006, and additional maintenance in the sum of $3,500 per month retroactive to February 2, 2006, and thereupon granted that branch of the plaintiff's motion to the extent of awarding the plaintiff pendente lite maintenance and child support in the total sum of $3,250 per month retroactive to September 27, 2006.

Ordered that the appeal from the order and judgment entered September 5, 2006 is dismissed, as academic, without costs or disbursements, in light of our determination on the appeal from the order entered February 21, 2007, made upon reargument; and it is further,

Ordered that the order entered February 21, 2007 is affirmed, without costs or disbursements.

The plaintiff sought to set aside a post-nuptial agreement on the ground of duress. Post-nuptial agreements are contracts (see Rubin v Rubin, 275 AD2d 404 [2000]; Pacchiana v Pacchiana, 94 AD2d 721 [1983]; Matter of Lemle, 30 AD2d 785 [1968]). Actions for rescission are governed by the six-year statute of limitations contained in CPLR 213 (1). In the absence of continuing duress or undue influence, an action to rescind a post-nuptial

agreement accrues and the statute of limitations begins to run once the agreement is executed (*see Rosenbaum v Rosenbaum*, 271 AD2d 427 [2000]; *cf. Rubin v Rubin*, 275 AD2d 404 [2000]; *Pacchiana v Pacchiana*, 94 AD2d 721 [1983]). The Supreme Court properly held that the interposition of the plaintiff's claim for rescission of the post-nuptial agreement was not untimely since there was continuing duress exerted on the plaintiff by the defendant during the duration of the parties' marriage, including at the time the agreement was entered into (*see Matter of Guttenplan*, 222 AD2d 255, 257 [1995]; *Sosnoff v Carter*, 165 AD2d 486, 492 [1991]; *Baratta v Kozlowski*, 94 AD2d 454, 458 [1983]; *Pacchiana v Pacchiana*, 94 AD2d 721 [1983]; *cf. Rosenbaum v Rosenbaum*, 271 AD2d at 427-428). Therefore, the Supreme Court properly set aside the parties' agreement.

The remaining contentions raised by the defendant do not require modification of the order entered February 21, 2007. We note that the remedy for any perceived inequities in a pendente lite award is a speedy trial where disputed issues as to financial capacity or standard of living can be fully explored (*see Verderame v Verderame*, 247 AD2d 609 [1998]). Rivera, J.P., Lifson, Angiolillo and Balkin, JJ., concur.