■ Alan D. Walter, Appellant, v Janis Starbird-Veltidi, Formerly Known as Janis S. Walter, Respondent. [911 NYS2d 120]—

In an action, inter alia, to reform the parties' stipulation of settlement, which was incorporated but not merged in their judgment of divorce entered July 14, 1998, and for a judgment declaring that the provision of the stipulation relating to the division of the plaintiff's retirement pension is unconscionable and unenforceable, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated August 13, 2009, as granted those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (5) to dismiss the second and third causes of action as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted those branches of the defendant's motion pursuant to CPLR 3211 (a) (5) which were to dismiss, as time-barred, the second and third causes of action seeking declaratory relief. A declaratory judgment action is governed by the six-year catch-all statute of limitations set forth in CPLR 213 (1), unless the nature of the underlying action reveals that the dispute could have been resolved through a specific action or proceeding for which there is a prescribed limitations period (*see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 41 [1995]; *Solnick v Whalen*, 49 NY2d 224, 229 [1980]; *Mirvish v Mott*, 75 AD3d 269 [2010]; *Yecies v Sullivan*, 221 AD2d 433 [1995]). "[I]f the action for a declaratory judgment could have been brought in a different form asserting a particular cause of action, the limitations period applicable to the particular cause of action will apply" (*Waldman v 853 St. Nicholas Realty Corp.*, 64 AD3d 585, 587 [2009]; *see Tornheim v Tornheim*, 67 AD3d 775, 777 [2009]).

Here, the plaintiff's second cause of action seeks a judgment declaring that the provision of the parties' matrimonial stipulation of settlement relating to the division of his teacher's retirement pension is unconscionable and unenforceable. This claim could have been brought in the form of a cause of action to rescind the subject provision of the matrimonial stipulation. Since "[a] cause of action to rescind the provisions of a marital agreement which allocates property must be commenced within six years of the execution of the agreement" (*Rosenbaum v Rosenbaum*, 271 AD2d 427, 427 [2000]; *see Hosseiniyar v Alimehri*, 48 AD3d 635 [2008]; *Colyer v Colyer*, 26 AD3d 303 [2006]; *Spataro v Spataro*, 268 AD2d 467 [2000]; *Heritage v Mance*, 265 AD2d 657, 658 [1999]), and this action was commenced more than 10

years after the matrimonial stipulation was executed, the second cause of action is time-barred. The plaintiff's third cause of action, which seeks, in effect, a judgment declaring rights in property subject to equitable distribution, is also time-barred since the applicable six-year statute of limitations began to run, at the latest, from the date of entry of the parties' judgment of divorce (*see Ricca v Valenti*, 24 AD3d 647 [2005]; *Yecies v Sullivan*, 221 AD2d 433 [1995]). Skelos, J.P., Balkin, Chambers and Austin, JJ., concur.