■ CENPARK REALTY LLC, Respondent, v ELLIE GURIN, Defendant, and ADINA MARMELSTEIN, Appellant. [987 NYS2d 155]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 21, 2012, which, to the extent appealed from, granted plaintiff's motion for summary judgment dismissing defendant Marmelstein's ninth affirmative defense asserting succession rights to a rent-stabilized lease, and denied Marmelstein's cross motion to amend the ninth affirmative defense, unanimously reversed, on the law, without costs plaintiff's motion denied, and Marmelstein's cross motion granted.

In this action for eviction and other relief, plaintiff failed to meet its burden of showing that Marmelstein's ninth affirmative defense is barred by the statute of limitations. Marmelstein's sister, defendant Gurin, entered into a lease in December 1989 that was renewed through February 1998. Marmelstein asserted her claim to succession rights pursuant to Rent Stabilization Code (RSC) (9 NYCRR) § 2523.5 (b) (1), in the context of a holdover proceeding commenced in 1998, that was subsequently abandoned by plaintiff's predecessor in interest. Plaintiff unsuccessfully sought back rent in a proceeding commenced in 2007, and then commenced this action seeking, inter alia, ejectment of Marmelstein and a declaration that she is not entitled to succession rights. Marmelstein's affirmative defense that she is entitled to succession rights may be raised defensively, notwithstanding that an action for declaratory relief may be time-barred (CPLR 203 [d]; see Mintz & Fraade, P.C. v Docuport, Inc., 110 AD3d 496 [1st Dept 2013]; Rosenblatt v Ackoff-Ortega, 300 AD2d 137 [1st Dept 2002]).

The record presents issues of fact, including whether Marmelstein was residing in the apartment from the "inception of the tenancy" and when she asserted her claim for succession rights, that cannot be resolved on summary judgment (see RSC 2523.5 [b] [1]; see generally 245 Realty Assoc. v Sussis, 243 AD2d 29, 32 [1st Dept 1998]). Since there is an issue of fact as to whether Marmelstein is entitled to succession rights, and her defense is not "palpably insufficient or patently devoid of merit," the

court should have granted her cross motion to amend (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 499 [1st Dept 2010]; CPLR 3025 [b]).

We have considered plaintiff's remaining contentions, and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Saxe and Feinman, JJ.