■ In the Matter of PAUL SIROTKIN, Appellant, v JORDAN, LLC, et al., Respondents. [35 NYS3d 443]—

In a turnover proceeding pursuant to CPLR 5225 (b), the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Toussaint, J.), entered November 24, 2015, as granted the petition only to the extent of directing the issuance of an order, pursuant to Limited Liability Company Law § 607, charging the membership interest of Eliyahu Spitzer, also known as Eliot Spitzer, in Jordan, LLC, with payment of the unsatisfied amount of a judgment, with interest.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 10, 2011, the petitioner obtained a judgment by confession in his favor and against the judgment debtor, Eliyahu Spitzer, also known as Eliot Spitzer, and other nonparties, jointly and severally, in the principal sum of $2,000,000, plus interest (*see Sirotkin v Spitzer*, Sup Ct, NY County, Aug. 10, 2011, index No. 109263/11). In October 2014, the petitioner commenced the instant proceeding pursuant to CPLR 5225 (b) to direct Jordan, LLC (hereinafter the LLC), to assign to him or turn over the judgment debtor's membership interest in the LLC. In support of the petition, the petitioner submitted, among other things, the judgment by confession, an affidavit for confession of judgment executed by Spitzer, and the

petitioner's affidavit of nonpayment. The LLC opposed the petition, and two members of the LLC sought to intervene as additional respondents in the proceeding. The Supreme Court granted the petition only to the extent of directing the issuance of an order, pursuant to Limited Liability Company Law § 607 charging Spitzer's membership interest in the LLC with payment of the unsatisfied amount of the judgment, with interest.

CPLR article 52 sets forth procedures for the enforcement of money judgments in New York (*see Cruz v TD Bank, N.A.*, 22 NY3d 61, 66 [2013]). CPLR 5225 (b) "provides for an expedited special proceeding by a judgment creditor to recover 'money or other personal property' belonging to a judgment debtor 'against a person in possession or custody of money or other personal property in which the judgment debtor has an interest' in order to satisfy a judgment" (*Matter of Signature Bank v HSBC Bank USA, N.A.*, 67 AD3d 917, 918 [2009] [citation omitted], quoting CPLR 5225 [b]; *see Matter of Miraglia v Essex Ins. Co.*, 96 AD3d 945, 945 [2012]). In support of a petition commenced pursuant to CPLR 5225 (b), a judgment creditor must make an evidentiary showing establishing that "the judgment debtor has an interest in the property held by the third party, and then must demonstrate either that the judgment debtor is entitled to possess the property or that the judgment creditor has a right to the property superior to that of the party who possesses it" (*Matter of Miraglia v Essex Ins. Co.*, 96 AD3d at 945). Under CPLR 5201 (b), "[a] money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested." A membership interest in a limited liability company is "clearly assignable and transferrable," and, therefore, such interest is "property" for purposes of CPLR article 52 (*Hotel 71 Mezz Lender LLC v Falor*, 14 NY3d 303, 313-314 [2010]; *see ABKCO Indus. v Apple Films*, 39 NY2d 670, 674 [1976]). Indeed, Limited Liability Company Law § 603 expressly acknowledges that "[e]xcept as provided in the operating agreement . . . a membership interest is assignable in whole or in part" (Limited Liability Company Law § 603 [a] [1]).

In considering the remedies available to a judgment creditor such as the petitioner under CPLR article 52, the Supreme Court was not limited to considering the petitioner's request for an order assigning to him Spitzer's membership interest in the LLC. CPLR 5240, which was relied upon by the Supreme Court, provides, in pertinent part, that a court "may at any time, on its own initiative or the motion of any interested

person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure" (*see Guardian Loan Co. v Early*, 47 NY2d 515, 519-520 [1979]; *Sweeney, Cohn, Stahl & Vaccaro v Kane*, 33 AD3d 785, 787 [2006]; *Yecies v Sullivan*, 221 AD2d 433 [1995]; *Tweedie Constr. Co. v Stoesser*, 65 AD2d 657 [1978]). This section grants the Supreme Court broad discretionary power to alter the use of procedures set forth in CPLR article 52 (*see Guardian Loan Co. v Early*, 47 NY2d at 519-520). Limited Liability Company Law § 607 expressly provides that, on an application by a judgment creditor of a member of an LLC, "the court may charge" the debtor's membership interest "with payment of the unsatisfied amount of the judgment with interest," and "[t]o the extent so charged, the judgment creditor has only the rights of an assignee of the membership interest." Thus, CPLR 5240 and Limited Liability Company Law § 607 give the court discretion, in an appropriate case, to issue a charging order instead of, inter alia, an order assigning or turning over the judgment debtor's membership interest in an LLC to the judgment creditor (*see Matter of Gliklad v Chernoi*, 129 AD3d 604 [2015]).

The parties' remaining contentions are either without merit or have been rendered academic in light of our determination.

Under the circumstances here, including the limited evidentiary record submitted by the petitioner, the Supreme Court providently exercised its discretion in granting the petition only to the extent of directing the issuance of an order charging Spitzer's membership interest in the LLC with payment of the unsatisfied amount of the judgment, with interest. Rivera, J.P., Balkin, Hinds-Radix and Barros, JJ., concur.