In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus, inter alia, to compel the Westchester County Executive to comply with Local Law No. 6-2012 of the County of Westchester and action for declaratory relief, the respondents/defendants Robert P. Astorino, in his capacity as Westchester County Executive, and Member of the Westchester County Board of Acquisition and Contract, and Jay T. Pisco, as the purported Commissioner/Acting Commissioner of the Department of Public Works and Transportation and a purported Member of the Westchester County Board of Acquisition and Contract appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Warhit, J.), entered January 16, 2015, as (1), in effect, denied their motion, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue their motion pursuant to CPLR 3211 (a) to dismiss the amended petition/complaint, (2), in effect, dismissed the affirmative defense contained in the answer of the respondents/defendants Robert P. Astorino and Jay T. Pisco alleging that Local Law No. 6-2012 of the County of Westchester was not validly enacted, and (3) is in favor of the petitioners/plaintiffs and against those respondents/defendants (a) declaring that Local Law No. 6-2012 of the County of Westchester was validly enacted, and (b) awarding judgment on so much of the amended petition/complaint as sought to compel those respondents/defendants to comply with Local Law No. 6-2012 of the County of Westchester.
 

 Ordered that the appeal from so much of the order and judgment as, in effect, denied the motion of the respondents/defendants Robert P. Astorino and Jay T. Pisco, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue their motion pursuant to CPLR 3211 (a) to dismiss the amended petition/complaint, is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,
 

 Ordered that the order and judgment is reversed insofar as reviewed, on the law, the affirmative defense contained in the answer of the respondents/defendants Robert P. Astorino and Jay T. Pisco alleging that Local Law No. 6-2012 of the County of Westchester was not validly enacted is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the remaining portions of the amended petition/complaint.
 

 Three members of the Westchester County Legislature commenced this hybrid proceeding pursuant to CPLR article 78 and action. In an amended petition/complaint (hereinafter the complaint), the petitioners/plaintiffs (hereinafter the plaintiffs) set forth the legislative history of Local Law No. 6-2012 of the County of Westchester (hereinafter the Local Law). The complaint alleged that the Local Law had been enacted in accordance with the applicable procedures set forth in state and local law, and that, “[consequently,” it had become effective. The complaint alleged that the respondents/defendants Robert P. Astorino, in his capacity as Westchester County Executive, and Member of the Westchester County Board of Acquisition and Contract, and Jay T. Pisco, as the purported Commissioner/ Acting Commissioner of the Department of Public Works and Transportation and a purported Member of the Westchester County Board of Acquisition and Contract (hereinafter together the defendants) had thereafter improperly refused to comply with the law. The complaint requested a declaration that the Local Law was “valid,” and a judgment compelling the defendants to “comply” with the Local Law.
 

 The plaintiffs thereafter moved for a preliminary injunction, which was denied by the Supreme Court. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) on the ground, inter alia, that the Local Law had not been properly enacted. In an order entered November 14, 2012, the Supreme Court denied the motion.
 

 The defendants served and filed an answer, asserting, as an affirmative defense, that the Local Law had not been validly enacted. In a judgment entered February 25, 2013, the Supreme Court, inter alia, awarded judgment on so much of the complaint as sought to compel the Westchester County Executive to comply with the Local Law.
 

 The defendants appealed to this Court (see Matter of Jenkins v Astorino, 110 AD3d 882 [2013]). This Court, among other things, reversed the judgment (see id. at 883). This Court stated that “[i]n view of the defendants’ challenge to the validity of the procedures by which the local law was enacted, the [West-chester] Board [of Legislators], as the body that enacted the local law, was a necessary party” (id. at 884). Accordingly, this Court joined the Westchester Board of Legislators (hereinafter the Board of Legislators) as a necessary party.
 

 On remittal, the Board of Legislators, having been joined by this Court, interposed a responsive pleading to the defendants’ answer. The Board of Legislators argued that the defendants’ challenge to the validity of the Local Law was barred by the statute of limitations.
 

 The defendants, with the permission of the Supreme Court, filed responsive papers addressing the statute of limitations argument that had been raised by the Board of Legislators. The defendants also moved for leave to “renew” their prior motion pursuant to CPLR 3211 (a) to dismiss the complaint on the ground, inter alia, that the Local Law had not been properly enacted.
 

 In the order and judgment appealed from, the Supreme Court determined that the defendants’ affirmative defense that the Local Law had not been properly enacted was barred by the statute of limitations. Accordingly, it, among other things, (1), in effect, denied the defendants’ motion for leave to “renew” their prior motion to dismiss the complaint, (2), in effect, dismissed the affirmative defense contained in the defendant’s answer alleging that the Local Law was not validly enacted, and (3) granted a judgment in favor of the plaintiffs and against the defendants (a) declaring that the Local Law was validly enacted, and (b) awarded judgment on so much of the complaint as sought to compel the defendants to comply with the Local Law. The defendants appeal.
 

 As an initial matter, the defendants’ motion, denominated as one for leave to renew, did not offer any new facts in support of their prior motion pursuant to CPLR 3211 (a) to dismiss the complaint. Accordingly, the motion, although denominated as one for leave to renew, was, in actuality, one for leave to reargue, the denial of which is not appealable (see CPLR 2221 [d] [2]; [e] [2]; Arch Bay Holdings, LLC-Series 2010C v Daisy, 132 AD3d 787, 788 [2015]; Poulard v Judkins, 102 AD3d 665, 665-666 [2013]; Strunk v Revenge Cab Corp., 98 AD3d 1030, 1031 [2012]).
 

 Furthermore, the Supreme Court erred when it, in effect, dismissed the defendants’ affirmative defense. “[T]he statute of limitations governs the commencement of an action, not the assertion of a defense” (Tauber v Village of Spring Val., 56 AD3d 660, 661 [2008]; see CPLR 201, 217). If a defense “arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed” (CPLR 203 [d]; see Bloomfield v Bloomfield, 97 NY2d 188, 193 [2001]; Lewis, Brisbois, Bisgaard & Smith, LLP v Law Firm of Howard Mann, 141 AD3d 574, 574-576 [2016]; Carlson v Zimmerman, 63 AD3d 772, 774 [2009]; Rosenblatt v Ackoff-Ortega, 300 AD2d 137, 138 [2002]).
 

 The language of CPLR 203 (d) is based on the equitable doctrine of recoupment (see Matter of SCM Corp. [Fisher Park Lane Co.], 40 NY2d 788, 791 [1976]). By the plain language of the statute, an otherwise untimely defense or counterclaim is “not barred” only “to the extent of the demand in the complaint” (CPLR 203 [d]). Accordingly, CPLR 203 (d) does not permit a defendant to obtain affirmative relief by way of a counterclaim (see Balanoff v Doscher, 140 AD3d 995, 996 [2016]; DeMille v DeMille, 5 AD3d 428, 429 [2004]; Rothschild v Industrial Test Equip. Co., 203 AD2d 271, 272 [1994]).
 

 Here, the complaint alleged that the Local Law was validly enacted. The complaint alleged that it was initially passed (as Local Law No. 4115-2011), by a vote of 11-5 by the County Legislature. It was subsequently vetoed by the County Executive. On December 22, 2011, the Legislators overrode the veto by a vote of 12-5. The complaint attached documentary evidence to support these factual assertions.
 

 The complaint alleged that because the Local Law changed provisions relating to public bidding, purchases, or contracts, it was subject to a permissive referendum pursuant to local law. The complaint alleged that the permissive referendum procedures were satisfied.
 

 The complaint alleged that certified copies of the Local Law were timely filed with the County Clerk and with the appropriate New York State officials. The complaint concluded: “Consequently, and in accordance with Municipal Home Rule Section 27 (3) . . . Local Law 6-2012 became effective.” The complaint ultimately sought, among other relief, a declaration that the Local Law was “valid,” and a judgment compelling the Executive and the Commissioner of the Department of Public Works to “comply with Local Law 6-2012.”
 

 In their verified answer, the defendants disputed the allegations in the complaint that the Local Law was validly enacted. In the defendants’ verified answer, they asserted that the Local Law “was subject to a mandatory referendum” pursuant to state and local law since it purported to curtail the power of an elected official. The defendants further contended that “[e]ven if Local Law No. 6-2012 were only subject to a permissive referendum,” the requirements of the permissive referendum procedure had not been satisfied. The answer thus disputed the allegation in the complaint that the requirements of the permissive referendum were satisfied.
 

 Given these defects in enacting the Local Law, the defendants contended that the plaintiffs were not entitled to the relief they sought in the complaint. The defendants’ answer did not include any counterclaims seeking affirmative relief. Rather, the “wherefore” clause in the answer merely demanded “judgment dismissing the instant [complaint].”
 

 Contrary to the Supreme Court’s conclusion, the defendants’ answer does not seek any affirmative relief. Rather, it raises a defense that is “predicated on [an] act or fact growing out of the matter constituting the cause or ground of the action brought” by the plaintiffs (Matter of SCM Corp. [Fisher Park Lane Co.], 40 NY2d at 791). In other words, the assertion that the Local Law was not validly enacted in accordance with the applicable referendum procedures specified in state and local law “arises from, and directly relates to” the plaintiffs’ claim that the Local Law was, in fact, enacted in accordance with the applicable referendum procedures and that they were therefore entitled to a declaration that the Local Law was valid (Bloomfield v Bloomfield, 97 NY2d at 193; see Carlson v Zimmerman, 63 AD3d at 774; Rosenblatt v Ackoff-Ortega, 300 AD2d at 138; Rothschild v Industrial Test Equip. Co., 203 AD2d at 272). Accordingly, the court erred when it, in effect, dismissed the affirmative defense contained in the defendants’ answer alleging that the Local Law was not validly enacted on the ground that the affirmative defense was time-barred (see CPLR 203 [d]). Since the merits of the defendants’ affirmative defense were not reached by the court, it should not have awarded judgment in favor of the plaintiffs.
 

 Leventhal, J.R, Miller, LaSalle and Brathwaite Nelson, JJ., concur.