Kantrowitz, Goldhamer & Graifman, P.C. v Spivack (2019 NY Slip Op 01751)





Kantrowitz, Goldhamer & Graifman, P.C. v Spivack


2019 NY Slip Op 01751


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-06046
 (Index No. 34685/15)

[*1]Kantrowitz, Goldhamer & Graifman, P.C., appellant,
v
Byron Spivack, respondent.


Kantrowitz, Goldhamer & Graifman, P.C., Chestnut Ridge, NY (William T. Schiffman of counsel), appellant pro se.



DECISION & ORDER
Appeal by the plaintiff from an order of the Supreme Court, Rockland County (David S. Zuckerman, J.), dated June 7, 2017. The order denied the plaintiff's motion to compel, by execution order, the defendant's employer to pay $41,419.42 in a lump sum from the defendant's bonus to satisfy a judgment or, in the alternative, for an installment payment order.
ORDERED that the order is affirmed, without costs or disbursements.
A judgment of the Superior Court of the State of New Jersey, Chancery Division, Family Part, Passaic County, dated July 26, 2015, was entered in favor of the plaintiff in this action and against the defendant in this action in the principal sum of $48,000. On October 26, 2015, the plaintiff filed the judgment in Rockland County. Thereafter, an income execution was issued against the defendant, whereby 10% of the defendant's base salary was withheld to satisfy the judgment (see CPLR 5231).
On or about January 19, 2016, the plaintiff moved to compel, by execution order, the defendant's employer to pay the outstanding balance due on the judgment, plus interest, from the defendant's bonus or, in the alternative, for an installment payment order. By order dated February 25, 2016, the Supreme Court denied that motion. The plaintiff neither appealed from the order, nor sought renewal or reargument thereof. Instead, in February 2017, the plaintiff moved, in effect, for the same relief. By order dated June 7, 2017, the Supreme Court denied that motion, and the plaintiff appeals.
CPLR article 52 sets forth procedures for the enforcement of money judgments in New York (see Cruz v TD Bank, N.A., 22 NY3d 61, 66; Matter of Sirotkin v Jordan, LLC, 141 AD3d 670, 671). In considering the remedies available to a judgment creditor, such as the plaintiff, under CPLR article 52, CPLR 5240 provides, in pertinent part, that a court "may at any time . . . make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure" (see Guardian Loan Co. v Early, 47 NY2d 515, 519-520; Distressed Holdings, LLC v Ehrler, 113 AD3d 111, 120; Sweeney, Cohn, Stahl & Vaccaro v Kane, 33 AD3d 785, 787; Yecies v Sullivan, 221 AD2d 433). This section grants the courts broad discretionary power to alter the use of procedures set forth in CPLR article 52 (see Guardian Loan Co. v Early, 47 NY2d at 519-520). Under the circumstances of this case, including, inter alia, that the defendant was making consistent biweekly payments to satisfy the judgment as well as effecting substantial court-ordered maintenance [*2]and child support payments to his ex-wife, the Supreme Court providently exercised its discretion in denying the plaintiff's motion.
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court