■ MADDEN INTERNATIONAL, LTD., Respondent, v LEW FOOTWEAR HOLDINGS PTY LTD., Appellant. [38 NYS3d 178]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered January 15, 2016, which granted plaintiff's motion for a preliminary injunction, unanimously affirmed, without costs.

Notwithstanding that the parties' agreement contained a choice of law clause providing that the agreement "shall be governed by and construed in accordance" with New York contract law "without regard to conflict of laws provisions" and a forum selection clause providing that "any and all actions or proceedings arising out of or relating to" the agreement "shall

be exclusively heard only in . .. . state or federal court" in certain counties in New York, defendant commenced an action against plaintiff in Australia. The Australian court denied plaintiff's ensuing motion to dismiss or stay the action.

Defendant argues that plaintiff's motion before Supreme Court to enjoin it from further prosecution of the proceeding pending in the Australian court should have been denied as contrary to principles of international comity. We find that the court exercised its discretion providently (*see Morgenthau v Avion Resources Ltd.*, 11 NY3d 383, 390 [2008]), in light of New York's long-standing public policy of enforcing forum selection clauses in international agreements (*see Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]; *Banco Nacional De México, S.A., Integrante Del Grupo Financiero Banamex v Societe Generale*, 34 AD3d 124, 130 [1st Dept 2006]).

Plaintiff also demonstrated a probability of success on the merits, danger of irreparable injury in the absence of an injunction, and a balance of equities in its favor (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.