79 Madison LLC v Ebrahimzadeh (2022 NY Slip Op 02052)





79 Madison LLC v Ebrahimzadeh


2022 NY Slip Op 02052


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Gische, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 157737/12 Appeal No. 15569 Case No. 2021-02152 

[*1]79 Madison LLC, Plaintiff-Respondent,
v
David Ebrahimzadeh, Defendant-Appellant.


Law Office of Allen Schwartz, Brooklyn (Allen Schwartz of counsel), and Aidala, Bertuna & Kamins, PC, New York (John M. Leventhal of counsel), for appellant.
Borg Law LLP, New York (Jonathan M. Borg of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 9, 2021, which ordered defendant to turn over his membership interest in Corniche Capital, LLC to plaintiff and "not, by himself or others, to commence, maintain, file documents in, or otherwise participate in or prosecute any separate action or special proceeding, including . . . in Brooklyn, collaterally attacking, in any manner, enforcement of the judgment entered against him in this action," unanimously modified, on the facts and in the exercise of discretion, to limit the antisuit injunction to the special proceeding captioned Ebrahimzadeh v 79 Madison LLC (Kings County index No. 508528/21) and otherwise affirmed, without costs.
Plaintiff met its burden of proving that defendant was "in possession or custody of" (CPLR 5225[a]) a membership interest in Corniche. It submitted a letter from City National Bank saying that defendant was Corniche's sole owner. It also submitted defendant's complaint in another action, which attached that letter as an exhibit. In opposition, defendant did not deny that he owned Corniche. As noted in a case on which defendant relies, the judgment creditor's petition can be granted with respect to the interest that the judgment debtor concedes he owns in an LLC (see MLF3 NWJ LLC v Signature Group Invs. LLC, 2017 NY Slip Op 31892[U], *2, 4-5 [Sup Ct, NY County 2017]).
Defendant notes that Corniche is either a Wyoming LLC (according to him) or a Delaware LLC (according to plaintiff). He points out that, under Wyoming and Delaware law, a creditor is limited to a charging order, and contends that, pursuant to the internal affairs doctrine, Wyoming or Delaware law applies. However, the internal affairs doctrine applies to relationships between a company and its directors and shareholders (Davis v Scottish Re Group Ltd., 30 NY3d 247, 253 [2017]; see also e.g. New Greenwich Litig. Trustee, LLC v Citco Fund Servs. [Europe] B.V., 145 AD3d 16, 22 [1st Dept 2016], lv denied 29 NY3d 917 [2017]); it "does not apply where the rights of third parties external to the corporation are at issue" (New Greenwich at 22).
Defendant contends that plaintiff is limited to a charging order even if New York law applies. This argument is unavailing. In Matter of Gliklad v Chernoi (129 AD3d 604 [1st Dept 2015], lv denied 26 NY3d 918 [2016]), we affirmed an order that granted a petition to compel the respondents to turn over the judgment debtor's interest in an LLC. Moreover, CPLR 5201(b) says, "A money judgment may be enforced against any property which could be assigned or transferred . . . unless it is exempt from application to the satisfaction of the judgment." An interest in an LLC "is clearly assignable and transferable" (Hotel 71 Mezz Lender LLC v Falor, 14 NY3d 303, 314 [2010]), and it is not exempt under CPLR 5205. To the extent Limited Liability Company Law § 607(a) permits a judgment creditor to obtain a charging lien against a member's interest, it does not [*2]say that this is the creditor's exclusive remedy, nor does it purport to abolish or limit CPLR 5225(a).
Defendant contends that the court erred in ordering him to turn over his interest in Corniche to plaintiff instead of delivering it to the sheriff for sale. While CPLR 5225(a) envisions that personal property other than money will be delivered to the sheriff, CPLR 5240 says that the court may modify the use of any enforcement procedure (see Guardian Loan Co. v Early, 47 NY2d 515, 519-520 [1979]). The court providently exercised its discretion in ordering a direct turnover, given that the value of defendant's membership interest is uncertain and that defendant has obstructed plaintiff's efforts to pursue the judgment (see Borges v Placeres, 61 Misc 3d 1220[A], 2018 NY Slip Op 51622[U], *3 [Civ Ct, NY County 2018], appeal dismissed 64 Misc 3d 92 [App Term 1st Dept 2019]).
Defendant contends that turning his interest in Corniche over to plaintiff will give plaintiff a windfall because the interest is worth more than the judgment. However, he can avoid this result by satisfying the judgment. Notably, there is evidence in the record that defendant has the financial wherewithal to satisfy the judgment.
Defendant is bound by the forum selection clause in the lease that he guaranteed (see Brax Capital Group, LLC v WinWin Gaming, Inc., 83 AD3d 591, 592 [1st Dept 2011]). Regardless of whether the forum selection clause is broad enough to include post judgment enforcement proceedings, Supreme Court properly exercised its discretion in enjoining defendant from prosecuting the special proceeding that he brought in Kings County against plaintiff (see generally Madden Intl., Ltd. v Lew Footwear Holdings Pty Ltd., 143 AD3d 418, 419 [1st Dept 2016]; Personal Sportswear v Silverstein, 91 AD2d 507 [1st Dept 1982]).
Since the judgment that plaintiff is trying to enforce was issued by Supreme Court, New York County, plaintiff properly issued subpoenas with restraining notices out of that court (see Richard C. Reilly, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5222:1). Anyone who wanted to vacate the restraining notices should have made a motion in that same court (see Reilly, Practice Commentaries, CPLR C5222:9; see also CPLR 5240). Thus, it was improper for defendant to commence a special proceeding in Kings County to quash the subpoenas.
Comity is not a bar to the injunction issued in this case. Even if the doctrine has any application to interstate determinations, Arpels v Arpels (8 NY2d 339 [1960]), on which defendant relies, is distinguishable, as it did not involve an attempt to obstruct collection of a legitimate judgment. Once there is a judgment, the issuing court is "entitled to protect it" (Indosuez Intl. Fin. v National Reserve Bank, 304 AD2d 429, 430-431 [1st Dept 2003]).
The injunction, however, is too broad. Therefore, we limit the antisuit injunction to defendant's Kings County special proceeding.
We have considered defendant's [*3]remaining arguments, including that this case should be remanded to a different Justice, and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022