23-842-cv
*245 Park Member LLC v. HNA Group (International) Company Limited*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-four.

PRESENT:     PIERRE N. LEVAL,
             SARAH A. L. MERRIAM,
             MARIA ARAÚJO KAHN,
                  *Circuit Judges*.

_____

245 PARK MEMBER LLC,

    *Petitioner-Appellee*,

      v.                                                      No. 23-842-cv

HNA GROUP (INTERNATIONAL)
COMPANY LIMITED,

    *Respondent-Appellant*.

_____

FOR PETITIONER-APPELLEE:          MARK P. RESSLER, Kasowitz Benson Torres LLP,
                                  New York, NY (Paul M. O'Connor III, Kasowitz

Benson Torres LLP, New York, NY; Henry B. Brownstein, Kasowitz Benson Torres LLP, Washington, DC, *on the brief*).

FOR RESPONDENT-APPELLANT: CARL W. OBERDIER, Oberdier Ressmeyer LLP, New York, NY (Kellen G. Ressmeyer, Oberdier Ressmeyer LLP, New York, NY; Jiajie Cao, Kevin Kerveng Tung, P.C., Flushing, NY, *on the brief*).

Appeal from a post-judgment order of the United States District Court for the Southern District of New York (Koeltl, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 19, 2023, post-judgment order of the District Court is **AFFIRMED**.

Respondent-appellant HNA Group (International) Company Limited, a Hong Kong company ("HNA Int'l"), appeals from a post-judgment order of the District Court that directed HNA Int'l to turn over its membership interest in HNA North America, LLC ("HNA N.A."), a Delaware LLC, directly to petitioner-appellee 245 Park Member LLC ("245 Park") in partial satisfaction of the judgment entered against HNA Int'l. HNA Int'l also appeals the District Court's denial, without prejudice, of its Rule 60(b) motion for relief from the judgment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, and recite them herein only as necessary.

In 2018, HNA Int'l gave 245 Park a guaranty to protect 245 Park's 49% minority investment in a company called 245 Park JV LLC (the "Company"). The Company filed for bankruptcy without the approval of 245 Park, triggering HNA Int'l's payment

obligations; HNA Int'l failed to pay 245 Park as required pursuant to the guaranty. 245 Park therefore commenced arbitration proceedings, which resulted in an award of $185,412,763.60 in its favor. On May 20, 2022, 245 Park petitioned the New York State Supreme Court to confirm that award.

On June 17, 2022, HNA Int'l removed the action to the Southern District of New York, and on July 25, 2022, the District Court confirmed the arbitration award. In a separate order issued the same day, the District Court also granted 245 Park's motion for a pre-judgment order of attachment and ordered HNA Int'l to give 245 Park "14 days advance notice" of the sale of any asset in which HNA Int'l had a direct or indirect interest. Suppl. App'x at 5. The District Court's order specifically required notice to be provided for any sale of the Palisades Premier conference center in Rockland County, New York (the "Conference Center"). Judgment entered on July 27, 2022.

Meanwhile, on June 9, 2022, proceedings began in the Company's bankruptcy to auction off the HNA Int'l affiliates' 51% interest in the Company. 245 Park submitted a bid in the public auction, which included: a payment of $68 million; acquisition of the Company's debt; and an agreement to reduce the amount the Company owed 245 Park by $40 million. 245 Park was the only bidder and obtained full ownership of the Company.

"On October 11, 2022, subsidiaries of HNA International submitted a proposed amended bankruptcy plan in the Bankruptcy Court that included the transfer of" an office tower in Chicago "to China-based affiliates of HNA International for no consideration." 245 Park Member LLC v. HNA Grp. (Int'l) Co., 674 F. Supp. 3d 28, 35 (S.D.N.Y. 2023). 245 Park objected, and the bankruptcy court barred the transfer, concluding that it was

not proposed in good faith and could not be allowed "in good conscience." Suppl. App'x at 294.

On December 8, 2022, 245 Park filed a Rule 69 motion asking the District Court to order HNA Int'l to turn over its membership interest in HNA N.A. in partial satisfaction of the $185 million Judgment. HNA Int'l was the direct owner of HNA N.A., a Delaware LLC, which in turn had an indirect interest in both the Conference Center and the Chicago office tower. On December 19, 2022, HNA N.A. filed a declaratory judgment action in Delaware state court seeking a ruling that turnover was not available under Delaware law. On May 7, 2023, that action was stayed pending the resolution of the turnover motion in the Southern District of New York action.

Meanwhile, on February 1, 2023, HNA Int'l advised the District Court that it was contemplating the sale of one of its assets that "might fall into the scope" of the District Court's notice order. 245 Park Member LLC, 674 F. Supp. 3d at 35 (citation and quotation marks omitted). On February 2, 2023, 245 Park informed the District Court that an HNA Int'l affiliate intended to sell the Conference Center, that the buyer had already signed the sale agreement, and that the sale was expected to be finalized on February 3, 2023 – but HNA Int'l had not given 245 Park notice of the imminent sale as required. On February 3, 2023, the District Court enjoined HNA Int'l and its affiliates from effectuating the sale of the Conference Center.

On February 3, 2023, HNA Int'l filed a Rule 60(b) motion seeking relief from the Judgment, arguing that 245 Park had already received more than the Judgment amount through its purchase of the Company in the bankruptcy court, and alternatively, that the

4

Judgment should be reduced by $40 million – the amount 245 Park "credit bid" in its purchase of the Company. Id. at 35.

On May 19, 2023, the District Court entered an order (1) granting 245 Park's motion for a turnover and ordering HNA Int'l "to turn over its 100% ownership interest in HNA North America directly to 245 Park;" and (2) denying without prejudice HNA Int'l's Rule 60(b) motion. Id. at 42. HNA Int'l appeals.

## I.      The District Court Did Not Err in Granting the Turnover Motion.

"A motion to enforce a money judgment is governed by Rule 69(a), which provides that 'proceedings supplementary to and in aid of judgment or execution . . . must accord with the procedure of the state where the court is located.'" CSX Transp., Inc. v. Island Rail Terminal, Inc., 879 F.3d 462, 468 (2d Cir. 2018) (quoting Fed. R. Civ. P. 69(a)(1)). Enforcement of money judgments is governed by Article 52 of the New York Civil Practice Law & Rules ("Article 52"), which provides: "A money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested, unless it is exempt from application to the satisfaction of the judgment." N.Y. C.P.L.R. §5201(b) (emphasis added). As to turnover orders, Article 52 provides:

> Upon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

Id. §5225(a) (emphasis added).

The parties disagree as to the appropriate standard of review of the District Court's enforcement decision under §5225(a). 245 Park contends that abuse of discretion is the applicable standard. See Appellee's Br. at 18 (citing Peterson v. Islamic Republic of Iran, 876 F.3d 63, 76 (2d Cir. 2017) ("As to the turnover claims, '[w]e accord deferential review to a district court ruling on a petition for an order of attachment or execution under the FSIA.'" (citation omitted))). HNA Int'l concedes that "enforcement orders are generally reviewed for abuse of discretion," but argues that we review de novo the District Court's "determination of a motion for turnover based on facts presented in affidavits in lieu of a trial." Appellant's Br. at 15 (citing HBE Leasing Corp. v. Frank, 48 F.3d 623, 633 (2d Cir. 1995) (concluding that, where a district court "enter[s] judgment without a trial on the basis of the affidavits and appended exhibits," we review its decision under §5225(b) de novo)). We need not decide which standard of review applies, because we find that 245 Park prevails under either standard. We review de novo a district court's interpretation of state law. See Ryan v. Nat'l Union Fire Ins. Co. of Pittsburgh PA, 692 F.3d 162, 166 (2d Cir. 2012).

## A. The District Court Correctly Applied New York Law on Enforcement Procedures.

HNA Int'l concedes that "[t]he District Court correctly held that New York's enforcement procedures . . . apply to a turnover proceeding commenced in New York." Appellant's Br. at 20. But it contends that because HNA N.A. is a Delaware LLC, the question of whether a particular interest in that entity "is 'property' subject to Article-52

6

is . . . governed by Delaware Law, which categorically prohibits the turnover of membership interests." Appellant's Br. at 21.

We disagree. In Hotel 71 Mezz Lender LLC v. Falor, 926 N.E.2d 1202 (N.Y. 2010), the New York Court of Appeals held that a membership interest in an out-of-state LLC is assignable and transferable under New York enforcement procedures. This decision forecloses HNA Int'l's argument. The Court of Appeals found that "defendants' ownership/membership interests in 22 out-of-state limited liability companies" – some of which were formed in Delaware – were "clearly assignable and transferable." Hotel 71, 926 N.E.2d at 1209. Those interests constituted "property against which a money judgment may be enforced as provided in section 5201." Id. at 1208 (quoting N.Y. C.P.L.R. §6202). New York law, rather than Delaware law, controls the question. This conclusion is further supported by 79 Madison LLC v. Ebrahimzadeh, 166 N.Y.S.3d 126 (App. Div. 1st Dep't 2022), on which the District Court also relied. There, the court found that a turnover petition under Article 52 could "be granted with respect to the interest that the judgment debtor concedes he owns in an LLC," even if the LLC was formed in Delaware. Id. at 128.

We see no reason to reach a different result here. HNA Int'l's interest in a Delaware LLC is property against which the judgment may be enforced under New York's enforcement procedures, which HNA Int'l concedes apply.[1] The District Court

---

[1] HNA Int'l's reliance on two New York state trial court decisions is unavailing. See Appellant's Br. at 23 (citing Sutton 58 Assocs. LLC v. Beninati, No. 651296/2016, 2017 WL 2828694 (N.Y. Sup. Ct. June 30, 2017), and Wellbilt Equip. Corp. v. El-Gamal, No. 653917/2019, 2021 WL 1711552 (N.Y. Sup. Ct. Apr. 27, 2021)). Neither of these decisions interpreted what constitutes

7

thus properly concluded that "New York courts have applied New York law to order turnovers of foreign LLCs." 245 Park Member LLC, 674 F. Supp. 3d at 40.[2]

### B. The District Court Did Not Err By Ordering a Turnover Instead of a Charging Lien Under New York Law, or By Ordering a Direct Turnover Without Proceeding Through a Sheriff.

Next, HNA Int'l contends that "the District Court erred in holding that New York law permits the full, unrestricted turnover of [HNA Int'l's] membership interest" in HNA N.A. Appellant's Br. at 19. Specifically, HNA Int'l contends that New York law "limits creditors of LLC members to a charging lien" rather than a turnover order. Id. at 27. HNA Int'l relies on portions of the New York Limited Liability Company Law for the proposition that "membership interests [in a LLC] are not assignable — and [are] thus not property subject to Article 52 — except to the extent of the member's right to distributions and allocations of profits and losses." Id. at 33 (citation and quotation marks omitted). This argument is without merit.

As noted, the New York Court of Appeals has held, without recognizing any exceptions, that "ownership/membership interests in . . . limited liability companies . . . [are] clearly assignable and transferable." Hotel 71, 926 N.E.2d at 1209; see also Sirotkin v. Jordan, LLC, 35 N.Y.S.3d 443, 445 (App. Div. 2nd Dep't 2016) (applying New York's

---

"property which could be assigned or transferred" under §5201. N.Y. C.P.L.R. §5201(b). We are bound by Hotel 71 and 79 Madison, the latter of which, notably, was decided after these cases.

[2] Because we conclude that the District Court correctly determined that New York law controls the enforcement proceeding and permits the turnover of membership interests in Delaware-based LLCs, we need not address whether Delaware law permits only the assignment of a member's economic interests, or whether Delaware law authorizes only charging liens against such interests. See Appellant's Br. at 25.

Limited Liability Company Law, observing that "[a] membership interest in a limited liability company . . . is property for purposes of CPLR article 52" and noting that a court has "discretion . . . to issue a charging order instead of, inter alia, an order assigning or turning over the judgment debtor's membership interest in an LLC to the judgment creditor" (citation and quotation marks omitted)). HNA Int'l's argument was squarely rejected in 79 Madison. See 166 N.Y.S.3d at 128 ("Defendant contends that plaintiff is limited to a charging order even if New York law applies. This argument is unavailing.").

HNA Int'l also claims that the District Court "erred by ordering that HNA International turn over its interests directly to 245 Park" instead of ordering that it turn over its interests to a designated sheriff. Appellant's Br. at 37. The court in 79 Madison specifically rejected such a claim, holding: "While CPLR 5225(a) envisions that personal property other than money will be delivered to the sheriff, CPLR 5240 says that the court may modify the use of any enforcement procedure." 79 Madison, 166 N.Y.S.3d at 129; see also Distressed Holdings, LLC v. Ehrler, 976 N.Y.S.2d 517, 524 (App Div. 2nd Dep't 2013) (Section 5240 "grants the court substantial authority to order equitable relief."). Indeed, the 79 Madison Court found that the trial court had "providently exercised its discretion in ordering a direct turnover, given that the value of defendant's membership interest is uncertain and that defendant has obstructed plaintiff's efforts to pursue the judgment." 79 Madison, 166 N.Y.S.3d at 129. This is persuasive authority. See V.S. v. Muhammad, 595 F.3d 426, 432 (2d Cir. 2010) ("This Court is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion.").

9

Finally, HNA Int'l contends that the District Court abused its discretion in ordering a direct turnover because it "did not explain why such exercise [of discretion] was appropriate in this case." Appellant's Br. at 42. But the District Court offered a fulsome explanation of its reasons for ordering a direct turnover, including that HNA Int'l's corporate representative could not estimate the value of HNA Int'l's interest in HNA N.A. during his deposition, and that HNA Int'l had "attempted to frustrate and obstruct 245 Park's efforts to collect on the Judgment" by trying to transfer the Chicago property to its China-based affiliates and sell the Conference Center without giving 245 Park proper notice. 245 Park Member LLC, 674 F. Supp. 3d at 41. We see no error in the District Court's findings.

## II. The District Court Did Not Abuse its Discretion in Denying the Rule 60(b) Motion for Relief from Judgment Without Prejudice.

Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citation and quotation marks omitted). HNA Int'l sought relief under Rule 60(b)(5), which provides that a district court may relieve a party from a final judgment when, inter alia, "the judgment has been satisfied, released, or discharged," Fed. R. Civ. P. 60(b)(5), and relief under Rule 60(b)(6), which may be granted for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). Specifically, HNA Int'l asked the District Court either to find the judgment satisfied, or to "write down the Judgment by $40 million." 245 Park Member LLC, 674 F. Supp. 3d at 35.

"We review a district court's decision on a Rule 60(b) motion for abuse of discretion." In re Terrorist Attacks on Sept. 11, 2001, 741 F.3d 353, 357 (2d Cir. 2013) (citation and quotation marks omitted).

The District Court declined to reduce the judgment "at this time," finding that there was "no reason to believe that granting a turnover of HNA International's interest in HNA North America would come close to satisfying 245 Park's Judgment against HNA International." 245 Park Member LLC, 674 F. Supp. 3d at 38 (emphasis added). HNA Int'l does not contest the District Court's finding that "245 Park's purchase of the Company through the bankruptcy sale did not satisfy" all of its obligations to 245 Park. Id. HNA Int'l points to no evidence suggesting that the Judgment against it has been fully satisfied, as required by Rule 60(b)(5). HNA Int'l also fails to demonstrate the "extraordinary circumstances" or "extreme hardship" that warrant relief under Rule 60(b)(6). Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004) (citation and quotation marks omitted). We find no abuse of discretion in the District Court's determination that the 60(b) motion was premature; as "245 Park continues to pursue enforcement and satisfaction of the Judgment, HNA International may renew its motion for relief from the Judgment." 245 Park Member LLC, 674 F. Supp. 3d at 38; see Motorola Credit Corp. v. Uzan, 561 F.3d 123, 125 (2d Cir. 2009) (finding no abuse of discretion when district court denied Rule 60(b) motion even though plaintiffs had partially recovered judgment amount from other sources and agreed to use the partial recovery to "set-off" the judgment).

We have considered HNA Int'l's remaining arguments and find them to be

without merit.  Accordingly, we **AFFIRM** the May 19, 2023, post-judgment order of the District Court.

                                                  FOR THE COURT:
                                                  Catherine O'Hagan Wolfe, Clerk of Court