| **Greenman v Miller** |
|:---:|
| 2024 NY Slip Op 33563(U) |
| October 7, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650304/2017 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------X

JANE GREENMAN,

Plaintiff,

- v -

LARRY MILLER, MILLMAN LLC,392 COLUMBUS
AVENUE LLC, SDMJD NEXT GENERATION LLC

Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650304/2017 |
| **MOTION DATE** | 06/05/2024 |
| **MOTION SEQ. NO.** | 012 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 012) 611, 612, 613, 614, 615, 616, 618, 619

were read on this motion for     TURNOVER PROCEEDING                      .

Plaintiff Jane Greenman ("Plaintiff") moves for an Order pursuant to CPLR 5225(a)

directing (i) defendant/judgment debtor Millman, LLC, to turnover its 25% membership interests

in Walsam 61, LLC or, in the alternative, a charging order pursuant to NY LLC Law § 607

against Millman for its interest in Walsam 61, LLC; (ii) directing defendant/judgment debtor 392

Columbus, LLC to turnover its 31% membership interest in W2 Labs, LLC; (iii) and issuing a

contempt sanction against defendant/judgment debtor Larry Miller, the manager of Millman and

392 Columbus, pursuant to CPLR 5104 and 5210, and Judiciary Law § 753(a), on account of his

noncompliance with the books and records provisions of the underlying judgment (NYSCEF

603).  Despite entering several stipulations extending the briefing schedule on this motion

(NYSCEF 616, 618), Defendants have failed to file any opposition to this motion.

As relevant here, the Court's April 10, 2024 judgment awarded Plaintiff recovery against

Millman in the amount of $2,120,968 and against 392 Columbus in the amount of $154,238

**650304/2017   GREENMAN, JANE vs. MILLER, LARRY**
 Motion No.  012

**Page 1 of 4**

[* 1]

INDEX NO. 650304/2017

RECEIVED NYSCEF: 10/07/2024

(NYSCEF 605).  Since this motion was filed, Plaintiff has filed a "partial satisfaction of Judgment" providing that the full amount owed by Millman has been paid, but the amount of judgment owed by 392 Columbus remains outstanding (NYSCEF 617).  Accordingly, this motion is granted in part only as to the relief sought against 392 Columbus.

## DISCUSSION

"CPLR article 52 sets forth procedures for the enforcement of money judgments in New York, which may include . . .[a] turnover proceeding" (*Cruz v TD Bank, N.A.*, 22 NY3d 61, 66 [2013]).  "Under Section 5225(a), a judgment creditor may recover money or property owed a judgment creditor through a court order directing the turnover of such money or property to the judgment creditor, either directly or to the sheriff for sale" (*245 Park Member LLC v HNA Group (Intl.) Co. Ltd.*, 674 F Supp 3d 28, 39 [SDNY 2023], *affd*, 2024 WL 1506798 [2d Cir 2024] [applying New York law]).  "To obtain such an order, the judgment creditor need only establish that the judgment debtor owns and possesses the property at issue. Once this showing is made, 'the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor'" (*id. quoting* CPLR 5225[a]).

Turnover can be granted "with respect to the interest that the judgment debtor concedes he owns in an LLC" (*79 Madison LLC v Ebrahimzadeh*, 203 AD3d 589 [1st Dept 2022]).  "A membership interest in a limited liability company is 'clearly assignable and transferrable,' and, therefore, such interest is 'property' for purposes of CPLR article 52" (*Matter of Sirotkin v Jordan, LLC*, 141 AD3d 670, 671 [2d Dept 2016]).

Here, there is no dispute that 392 Columbus owns 31% of the membership interests of W2, a cosmetics company (NYSCEF 564 ["Post-Trial Decision"] ¶87).  Thus, Plaintiff has met her burden of proving that 392 Columbus is "in possession or custody of" (CPLR 5225[a]) a

**650304/2017   GREENMAN, JANE vs. MILLER, LARRY**
**Motion No.  012**

**Page 2 of 4**

2 of 4

membership interest in W2 Labs, LLC, and therefore, turnover is appropriate. Since the value of 392 Columbus' membership interest in W2 Labs is uncertain, 392 Columbus is directed to turnover its interests directly to Plaintiff (*79 Madison*, 203 AD3d at 589 ["The court providently exercised its discretion in ordering a direct turnover, given that the value of defendant's membership interest is uncertain and that defendant has obstructed plaintiff's efforts to pursue the judgment"]). Furthermore, any argument that turnover will result in a windfall to Plaintiff can be avoided by 392 Columbus satisfying the Judgment (*see id.*).

Plaintiff's request for a contempt sanction against Miller is denied. On September 17, 2024, Plaintiff's counsel wrote a letter to the Court advising that Miller finally produced "some" documentation on the topic that most concerned Greenman (NYSCEF 619).[1] While the Court is not entirely sure what "some" means, it is not inclined to issue a contempt citation for violations that may have already been cured.

Accordingly, it is

**ORDERED** that Plaintiff's motion is **GRANTED IN PART** insofar as the turnover request as to 392 Columbus is granted; the motion is otherwise **denied**; it is further

**ORDERED** that 392 Columbus is directed to turn over to Plaintiff the entirety of its interest in W2 Labs, including all economic, governance, legal, and equitable rights and interests in and to W2 Labs, and all tangible and intangible evidence thereof, whether certificated or uncertificated, with respect to 392 Columbus's ownership interest in W2 Labs, within five (5)

---

[1] To the extent Plaintiff requests a conference to discuss that the documents produced "raise troubling questions about Miller's behavior," Plaintiff is advised to file a motion if she seeks substantive relief.

**650304/2017   GREENMAN, JANE vs. MILLER, LARRY**
**Motion No.  012**

**Page 3 of 4**

3 of 4

[* 3]

business days of the date of entry of this Order unless it has otherwise satisfied the judgment by other means.

        This constitutes the Decision and Order of the Court.

20241007132550JMCOHEN9A6A1C071F1F414DBE6182030CBF28A8

_____
**10/7/2024**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

650304/2017   GREENMAN, JANE vs. MILLER, LARRY
Motion No.  012

Page 4 of 4

[* 4]

4 of 4